# In the Matter of the Dissolution of the Marriage of

## BUNCH, *Respondent,*
### and
## BUNCH, *Appellant.*

(No. 89410, CA 5309)

547 P2d 160

*Mark L. B. Wheeler,* Salem, argued the cause for appellant. With him on the brief were Schlegel, Milbank, Wheeler & Jarman, Salem.

*J. Ray Rhoten,* Salem, argued the cause for respondent. With him on the brief were Rhoten, Rhoten & Speerstra, Salem.

Before Schwab, Chief Judge, and Foley and Lee, Judges.

FOLEY, J.

**FOLEY, J.**

In dissolution of this seven-year-old marriage, the trial court awarded the business corporation, home and two automobiles to the wife. Two and one-half acres in the Lake Labish area were ordered retained in the joint ownership of husband and wife, with husband's having the right to possession during joint ownership. It is husband's principal contention on appeal that the two and one-half acres should have been awarded to him free of any interest in the wife.

The wife was 51 and husband 63 at the time of the dissolution. The wife had substantial property and an income-producing business at the time of the marriage in 1968. Prior to marriage the parties had executed a prenuptial agreement reserving to each the separate property brought into the marriage and any income therefrom. The property in question was purchased after the marriage and except for the shared down payment, substantially all of the purchase price of this property was paid by husband. Husband is of retirement age, has a low income, and has medical problems which include a hip disorder for which a plastic joint has been recommended. The wife apparently enjoys good health and is the owner of a drive-in restaurant in west Salem. She has a substantially larger income than husband.

While there are equities on both sides which the trial court carefully considered in arriving at the distribution it did, in our de novo review we conclude that it is more desirable to award the husband the entire interest in the two and one-half acres. This will serve to alleviate any problems arising from joint ownership between the parties and is responsive to husband's disadvantageous position attributable to his age and infirmities. The decree should be modified in this respect only.

Affirmed as modified. Costs to neither party.